Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joan K. Morante and Liliana Matos, *on behalf of themselves and others similarly situated,*<br><br>*Plaintiffs*,<br><br>-v-<br><br>Dental Expressions P.C. and Gary Bram, *in his individual and professional capacity,*<br><br>*Defendants.* | Civil Case No.: _____-cv-_____(___)<br><br>**FLSA COLLECTIVE ACTION**<br><br>**COMPLAINT** |

### NATURE OF THE ACTION

1. Plaintiffs Joan K. Morante and Liliana Matos ("Plaintiffs" or "Morante" or "Matos"), on behalf of themselves and others similarly situated, bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiffs' overtime compensation and their falsification of Plaintiffs' payroll records. Plaintiffs also bring these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, as well as the supporting New York State Department of Labor Regulations for violations of overtime wages, spread-of-hours pay, falsification of payroll records, meal break violations and notice requirements.

## SUMMARY

2.    Plaintiff Morante was employed by Defendants, Dental Expressions, and Gary Bram ("Defendants") as a front desk coordinator. Plaintiff Matos was employed by Defendants as a dental assistant.

3.    Plaintiff Morante worked an average of 20-25 hours per week from August 20, 2015 to June 6, 2016. On certain occasions, she worked more than 40 hours per week, though such occasions were rare.

4.    Plaintiff Matos worked an average of 45-50 hours per week from September 17, 2015 to April 2016.

5.    Defendants have repeatedly deprived Plaintiffs of their overtime wages and spread-of-hours premium. In particular, Defendants operated a clocking system whereby Plaintiffs would clock in and out their hours. However, Defendants had access to Plaintiffs' time records and modified such records when Plaintiffs worked overtime.

6.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

7.    As a result of Defendants' actions, Plaintiffs both suffered great hardship and damages.

8.    Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees. Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216 (b).

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

9. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

10. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

11. Venue is proper in the Eastern District of New York under 8 U.S.C. §§1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### (Plaintiff)

**Joan K. Morante**

12. Plaintiff Joan K. Morante ("Morante") is an adult individual residing in the state of New York, County of Queens.

13. Morante is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL§ 190.

14. Morante worked for Defendants from August 2015 to June 2016.

15. Morante was employed at Dental Expressions, which is located at 35-24 Bell Blvd, Bayside, NY 11361.

16. Morante was employed as a front desk coordinator and her primary duties included calendaring appointments and collecting sums due from clients.

17. Morante regularly handled goods in interstate commerce during her employment, such as the medical products used in the office that were purchased out of state.

18. During the period of her employment with Defendants, Morante typically worked three to four days per week for seven hours per day. Fridays and Saturdays were her days off. Morante would also be required to work for one Saturday per month.

19. Since starting work in August 2015 up until June 2016, Morante's hours worked were averaging over Twenty (20) hours per week. Her hourly pay, as determined by Defendants, was Twenty-Seven Dollars per hour ($27).

20. On a few occasions, Morante worked more than forty hours per week and more than ten hours per day.

21. Defendants had a clocking system which Plaintiff Morante used to record her hours of work. However, a manager named Ellen Lopez had access to Morante's time records and would modify those records to reduce Morante's hours of work. As a result, her time records would fail to show Morante's overtime hours worked.

22. Morante never received any overtime wages during the occasions in which she worked for more than forty hours per week.

23. Defendants have failed to pay Morante spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Morante's shift exceeded ten (10) hours.

24. Morante was not provided with any meal breaks during her shifts.

25. Morante was not provided with a notice containing the rate and basis of her pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

26. Due to Defendants' falsification of time records, Morante was not provided with accurate wage statements or other records detailing correctly all the dates and hours that she worked.

27. Upon information and belief, while Defendants employed Morante, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Morante of such rights.

28. Throughout the duration of her employment, Morante did not have any supervisory authority over any of Defendants' employees, nor did she exercise discretion or independent judgment with respect to matters of significance.

29. Morante consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

30. Morante also has knowledge of other employees of Defendants who were not paid for any overtime work they performed.

**Liliana Matos**

31. Plaintiff Liliana Matos ("Matos") is an adult individual residing in the state of New York, County of Queens.

32. Matos is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL§ 190.

33. Matos worked for Defendants from September 2015 to April 2016.

34. Matos was employed at Dental Expressions, which is located at 35-24 Bell Blvd, Bayside, NY 11361, as a dental assistant.

35. Matos regularly handled goods in interstate commerce during her employment, such as the medical products used in the office that were purchased out of state.

36. During the period of her employment with Defendant, Matos worked 4-5 days per week from 9 am to 7 pm. Matos would also be required to work for one Saturday per month.

37. Defendants had a clocking system which Plaintiff Matos used to record her hours of work. However, a manager named Ellen Lopez had access to Matos' time records and would modify those records to reduce Matos' hours of work. As a result, Matos' time records would not show the overtime hours that she worked.

38. Since starting work in September 2015 up until April 2016, Matos's hours worked were averaging over Forty-Five to Fifty (45-50) hours. Her weekly pay, as determined by Defendants, was Twenty-Two Dollars per hour ($22).

39. Defendants repeatedly suffered or permitted Matos to work over Forty (40) hours per week without paying her the appropriate premium overtime pay of one and one half times the statutory minimum.

40. Defendants have failed to pay Matos spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Matos worked a shift that exceeded ten (10) hours.

41. Upon information and belief, while Defendants employed Matos, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Matos of such rights.

42. Due to Defendants' falsification of time records, Morante was not provided with accurate wage statements or other records detailing correctly all the dates and hours that she worked.

43. Morante was not provided with a notice containing the rate and basis of her pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

44. Matos consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

45. Morante also has knowledge of other employees of Defendants who were not paid for any overtime work they performed.

**(Corporate Defendant)**

**Dental Expressions P.C.**

46. Dental Expressions P.C. is a domestic corporation formed on February 1, 2007, organized and existing under the laws of the State of New York.

47. Dental Expressions P.C. operates a dentist's office which is located at 35-34 Bell Boulevard, Bayside, NY, 11361.

48. At all relevant times, Dental Expressions P.C. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

49. At all relevant times, Dental Expressions P.C. maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll, and other employment practices that applied to them.

50. At all relevant times, Dental Expressions P.C. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees

were handling medical and dental products produced out of state and distributed in New York. In addition, Dental Expressions P.C. conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

51. Upon information and belief, at all relevant times, Dental Expressions P.C.'s annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**(Individual Defendant)**

**Gary Bram**

52. Upon information and belief, at all relevant times, Gary Bram ("Bram") was, at the time of Plaintiffs' employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

53. At all relevant times throughout Plaintiffs' employment, Bram had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedules; and otherwise controlling the terms and conditions for the Plaintiffs while they were employed by Defendants.

54. At all relevant times throughout Plaintiffs' employment, Bram was actively involved in the day-to-day operations of the Corporate Defendant.

55. At all relevant times, Ellen Lopez was an employee of Gary Bram. Lopez modified Plaintiffs' time records according to Bram's explicit instructions.

56. At all relevant times throughout Plaintiffs' employment, Bram was a "covered

employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

57. Pursuant to 29 U.S.C. §§ 203, 207, 211(c) and 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since October 14, 2013, and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees (the "Collective Action Members").

58. A collective action is appropriate in these circumstances because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of falsifying time records and failing to pay overtime wages for work performed in excess of forty (40) hours each week. Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

59. The claims of the Plaintiffs stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

**Fair Labor Standards Act - Unpaid Overtime Wages**

60. Plaintiffs and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

61. At all relevant times, Plaintiffs and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

62. At all times relevant, Defendants have been employers of Plaintiffs and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

63. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the Collective Action Members.

64. Defendants have failed to pay Plaintiffs and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

65. As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

66. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

67. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the Collective Action Members.

68. Defendants failed to post or keep posted conspicuous notices of Plaintiffs' rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

69. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

**Fair Labor Standards Act – Failure to keep accurate records**

70. Plaintiffs, on behalf of themselves and the Collective Action Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

71. Defendants were required to make, keep and preserve accurate payroll records reflecting the actual hours worked by employees and the wages received by them pursuant to the FLSA, 29 U.S.C. § 211(c) and the supporting Federal regulations, 29 C.F.R. §§ 516.2, 516.5, and 516.28.

72. In cases where employers make use of times clocks as a basis for creating payroll records, this is acceptable practice provided that there are no major discrepancies between the clock records and the actual hours worked pursuant to 29 C.F.R. § 785.48.

73. By intentionally interfering with the time clock system operated by the dental office and thereby producing falsified records, Defendants intentionally and willfully violated the provisions of the FLSA, 29 U.S.C. § 211(c) and the supporting Federal regulations, 29 C.F.R. §§ 516.2, 516.5, 516.28 and 785.48.

74. By arbitrarily failing to count hours worked by employees to determine their overtime wages, Defendants also directly violated 29 C.F.R. § 785.47, which requires

employers to compensate employees for any practically ascertainable period of time worked, however small.

75. As a result, Plaintiffs and the Collective Action Members have suffered damages by being deprived of their proper overtime compensation according to the actual number of hours worked.

## THIRD CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

76. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

77. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

78. At all relevant times referenced herein, Plaintiffs have been employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 190 and the supporting New York State Department of Labor Regulations.

79. The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

80. Defendants have failed to pay Plaintiffs proper overtime which they were entitled to at a wage rate of one and one-half times their regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2.

81. Through their knowing or intentional failure to pay Plaintiffs proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

82. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

83. Defendants also failed to post conspicuous notices of the Plaintiffs' rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

84. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FOURTH CAUSE OF ACTION

**New York Labor Law – Failure to keep accurate records**

85. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

86. Defendants were required to establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing, *inter alia*, for each week worked the regular hourly rate of pay, the overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked pursuant to NYLL §§ 195(4) and 661 and the New York Department of Labor Regulations, 12 NYCRR 142-2.6.

87. By intentionally interfering with the time clock system operated by the dental office and thereby producing falsified records, Defendants intentionally and willfully violated

the provisions of NYLL §§ 195(4) and 661 and the New York Department of Labor Regulations, and are guilty of a misdemeanor carrying a maximum penalty of Five Thousand Dollars ($5,000) pursuant to NYLL § 662.

88.  As a result of Defendants' actions, Plaintiffs have suffered damages by being deprived of their proper overtime compensation according to the actual number of hours worked.

## FIFTH CAUSE OF ACTION

### New York Labor Law – Spread-of-Hours Pay

89.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

90.  The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

91.  Defendants have failed to pay Plaintiffs spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs worked a shift extending for more than ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.4.

92.  Through their knowing or intentional failure to pay Plaintiffs spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

93.  Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours pay, liquidated damages as provided for by the

NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### SIXTH CAUSE OF ACTION

**New York Labor Law – Failure to Provide Notice at the Time of Hiring**

94. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

95. Defendants have failed to provide Plaintiffs, at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

96. Due to Defendants' violations of the NYLL § 195(1), Plaintiffs are entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

### SEVENTH CAUSE OF ACTION

**New York Labor Law– Failure to Provide Wage Statements**

97. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

98. Due to the Defendants' practice of manipulating time records to eliminate Plaintiffs' overtime hours of work, Defendants have failed to provide Plaintiffs with accurate wage statements listing the correct amount of hours worked and their overtime rate of pay, in violation of NYLL § 195(3).

99. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## EIGHTH CAUSE OF ACTION

### New York Labor Law – Meal Break Violations

100. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

101. The meal provisions as set forth in NYLL § 162 apply to Defendants and protect Plaintiffs.

102. Defendants have consistently and repeatedly failed to allow Plaintiffs a meal break lasting at least thirty minutes per day for any days Plaintiffs worked a shift of more than six hours extending between the hours of 11:00 a.m. and 2:00 p.m. as required by NYLL § 162(2).

103. Defendants have consistently and repeatedly failed to allow Plaintiffs an additional meal break lasting at least twenty minutes per day for any days Plaintiffs worked a shift extending between the hours 11:00 a.m. and 7:00 p.m. as required by NYLL § 162(3).

104. Defendants have consistently and repeatedly failed to allow Plaintiffs a meal break lasting at least forty-five minutes per day for any days Plaintiffs worked a shift of more than six hours extending between 1:00 p.m. and 6:00 a.m. as required by NYLL § 162(4).

105. Due to Defendants' violations of the NYLL, Plaintiffs have suffered damages by being deprived of their statutorily required meal breaks and are entitled to compensation in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek the following relief:

A.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

B.    An order tolling the statute of limitations;

C.    Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, New York Labor Law, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations;

D.    Unpaid overtime wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

E.    Unpaid overtime wages and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

F.    Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C. § 216(b);

G.    An award of statutory damages for Defendants' failure to provide Plaintiffs with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

H.    An award of statutory damages for Defendants' failure to provide Plaintiffs with accurate wage statements pursuant to NYLL § 198 (1-d);

I. A penalty of a maximum of Five Thousand Dollars ($5,000) for Defendants' falsification of Plaintiffs' payroll records pursuant to NYLL § 662;

J. An award of damages for Defendants' failure to provide Plaintiffs with statutorily required meal breaks pursuant to NYLL § 162 to be determined at trial;

K. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

L. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

M. An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

N. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

O. An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

P. Such other relief as this Court shall deem just and proper.

Dated: Astoria, New York
October 16, 2016

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

By:   /s/Ariadne Panagopoulou
Ariadne Panagopoulou (AP-2202)
*Attorneys for the Plaintiffs*
35-10 Broadway, Suite 201
Astoria, New York 11106
Tel: 718.777.0400 | Fax: 718.777.0599
Email: ari@pnlawyers.com